The next case is SIPCO v. Emerson Electric, 2018-1856. Mr. Bonney. Good morning, Your Honor. May it please the The board erred in construing the phrase, a receiver address comprising a scalable address of at least one remote device. The plain language of this phrase requires that the address of at least one remote device can be scalable. The board's construction reads that requirement out of the claim. And that is how the board was able to find Johnson and validates the claims even though the board acknowledged that none of the receiver addresses in Johnson include a scalable remote device address. Do I understand correctly that this claim construction argument applies to both of the rejections, Johnson and the other one, Mason Plus? And I don't think the other side disputes that, that if you're right about the claim construction, the whole thing can't stand. It either needs to go back or, in your view, you get to walk away with the victory. The answer is yes to all of the subparts of that question, Your Honor. Now, the board was persuaded by Emerson's argument that because the claim language says at least one remote device, this means that it reads on the entire concept of what is exemplified in Figure 8 of the patent. In other words, a format that can be used to address a message to a broadcast to all devices, a broadcast to type, or to an individual transceiver. But that is not correct. The claim language does not read on that entire concept, principally because Figure 8, not every implementation of Figure 8 would satisfy the claim language. In fact, if the inventor had simply wanted to claim that general concept of a scalable to address, he would have just used the words scalable receiver address. That would have encompassed the entire concept of Figure 8 of being able to send different messages of different sizes. But instead, the inventor included the additional requirement that the receiver address must further include a scalable address of at least one remote device. And so this is a nested address within an address structure. And this additional claim language must be given meaning. And the most logical meaning, based on the specification, is that it's referring to the scalable receiver address, transceiver address, that's shown in Bites 4 through 6 of Figure 8. This claim doesn't have a limitation on whether the receiver address, which I'll refer to as the to address, is that fair? That's fair, Your Honor. Well, the receiver address, which is the to address, this claim doesn't have a limitation, so this could be scalable or non-scalable, correct? That's correct. Even though the spec in multiple places does describe the to address as being scalable, you would say those are examples and not necessarily imported into the claim. Is that correct? Yes, Your Honor. What I would say is there's two types of scalability. Well, the patent uses the word scalable a bunch of times to refer to a bunch of different things. Right. And I'm not certain if you agree with this, but I think that may be where your argument is most logically that the board got confused because the specification itself does refer to the scalable to address in at least two or three places. I think you're right, Your Honor. I mean, you probably articulated it better than I was going to. There are different types of scalability discussed in the patent. One is the general scalability of the to address, as you just alluded to. That seems to be what the board glommed onto because it saw this discussion of a scalable to address. But that's actually not what's being claimed in these claims. The other type of scalability that's discussed in the patent is the scalability of the remote device address itself, which is within the receiver address. Two things. Number one, when you say that's not being covered by these claims, I think respectfully you're wrong. It is encompassed by these claims because you don't have a limitation, scalable or non-scalable, in front of the word receiver. So technically I think your claim does extend to a scalable receiver address. You're right, Your Honor. Okay. And the second point would be, is there anywhere in your spec where you do use the word scalable when you're talking about the transceiver or the remote device? Is there anywhere? I know it's not necessarily required. The claim language is clear. But the word scalable appears a bunch of times. And I think just this is the kind of drafting that causes you to be in front of us, right, because the patent is drafted to use this word a lot. But I don't think ever with regard to the exact device it used it for in the claim. Your Honor, I'm not aware of the exact use of the word scalable. What it says is that the unique transceiver address can be varied as necessary. The size or the length, and I'm reading from column six, lines 25 to 26. And it says that the length of the unique transceiver address can be varied as necessary given individual design constraints. And that is actually the undisputed definition that everybody agrees to of what a scalable address is. So although it didn't use the word scalable, it used the synonym for it with everybody agrees means a scalable address. And in fact, the board acknowledged that in appendix 11. The board acknowledged that the specification does disclose that you can vary the size of this unique transceiver address. So I think that's where you find the disclosure in the specification that supports this particular claim limitation, Your Honor. Now, what we believe that the claims are drafted on, or what they're referring to here with this language, is the scalable portion of figure eight that's represented by bytes four through six, where you can now address an individual transceiver using an address that can vary in size. And in fact, we explain... Can I ask you, can we go back for just one second? You and I both agree that since the claim with regard to the two address or the receiver address, doesn't contain the word scalable or non-scalable in front of it. If it isn't limited, do we then, is it possible that the board's decision ought to be affirmed rather than vacated? Even if I agree with you, because what they found is Johnson discloses a scalable address, since your claim is not limited to scalable or non-scalable, your claim is broad enough to encompass the Johnson scalable address. Does that mean that we're kind of in the same place, we're going to affirm? No, Your Honor. I mean, even if I agree with you, they got the claim construction wrong, even with the correct construction, your definition of receiver address is broader, not narrower. Our definition of receiver address requires that it include within it at least an address of at least one remote device that's scalable. And so that's where the Johnson... So they stuck scalable on... You think the board's error was to stick scalable on receiver address, but not attach it to transceiver address. That's correct, Your Honor. I had a little illustration in the brief. I think they took the word scalable and they moved it in the claim, and they put it in front of receiver address. And by the way, that's exactly the same point that two previous board panels made, is that it's not enough that the receiver address be scalable. In these claim limitations, you have to show that the address of the remote device itself is scalable, because you can have a scalable receiver address that's scalable for different reasons. It's scalable because there's other things in that address that are being scaled. And what these claims are getting at is something more specific. They're saying that to the extent there's scalability, that scalability has to be due to the fact that the address of at least one remote device itself is scalable. Now, with respect to Johnson, what the board did is it found, based on its construction, that this claim language is only talking about the broad concept of being able to send three different types of messages. The board went and found three different types of formats in Johnson and said, well, these are three formats that can be used to send these three different types of messages. But the board acknowledged and made a factual finding that none of those three formats actually has a scalable remote device address in it. So what the board did is it said that the choice between these three non-scalable formats constitutes a scalable address because it was using this broad construction where all you have to find is this broad concept of being able to send three different types of addresses. But the hypothetical choice between three non-scalable addresses of different sizes does not constitute a scalable address. Just like the choice between three hats of different sizes doesn't constitute a scalable hat. You can pick a small hat off the shelf or a medium-sized hat or a large hat, but then whatever you have in your hand is not a scalable hat. It's just a hat of whatever size you chose. I mean, maybe you're right about this and maybe my understanding is too simplistic, but scalable doesn't mean an infinite number of possibilities. And if there are only three options that you can choose from, but you can choose any of those three, why don't you have a scalable circumstance? Your Honor, it goes to the claim language. If I could draw your attention to Claim 1 in Appendix 85 and focus on the last limitation of the claim rather than the first limitation. This is a claim that's talking about communicating between remote devices. So it's communicating between the various transceivers that are out there in the mesh network. And the last limitation ties everything together. And it says the remote device is configured to send a pre-formatted message comprising the receiver address. And the receiver address is what has to contain the scalable address of at least one remote device. So we're not talking about a hypothetical choice now between message formats. We're talking about a single message format because it's in a pre-formatted message. When you go to Johnson, the board was looking at three different message formats and saying that essentially it created a composite or a hypothetical format that had the features of all three of those. But that's actually not what Johnson teaches. Johnson is teaching three different formats. You can take the broadcast-to-class format from Johnson and drop it into a pre-formatted message and that will not meet this claim limitation. Just to be clear, while your argument sounds intuitively appealing to me, what Johnson does disclose and whether it satisfies the pre-formatted message portion of the claim, that's a question of fact, isn't it? It is, but the board's factual findings are in our favor, Your Honor. The board made a specific factual finding that none of the three message formats individually satisfies the scalable address limitation. Well, that's because they construed it wrong. That's correct. They made an error in claim construction, but then they made a factual finding that is still subject to substantial evidence review. And there is substantial evidence to support that factual finding, which is that none of the three message formats in Johnson satisfies the scalable address limitation here under the correct construction. So if Your Honors reverse that construction, there's now a fact finding by the board that is supported by substantial evidence that would preclude Johnson from meeting our claim limitation. Is it a matter of claim construction or something other than claim construction, whether a choice among three possible formats of different size would constitute a scalable address? Your Honor, I think in this case it's just claim construction. I think if you look at what this claim is actually talking about, the fact that it's talking about a pre-formatted message, that means you've got a single format, and that message has to contain a scalable address of at least one remote device. I think that's claim construction. You can't now say, well, the choice between three formats satisfies that because the claim is very clearly talking about one format. That particular format and that particular message has to satisfy the claim limitation. You're into your rebuttal time. You may save it or continue. Unless there's burning questions now, I would like to save my time. We will save it. Mr. Hallwood-Griemeyer. May it please the Court. The board construed the disputed limitation consistent with both the language of the text itself and of the specification, and notably it's consistent with CIPCO's own construction of the same limitation in the Eastern District of Texas as reflected in Appendix 1797 where they said the opposite of what they say here. They said the specification is clear. Well, that's okay. The board said the opposite of what it says here two times. So we've got everybody being inconsistent. So why don't you just go to the language and tell me why the word scalable should be imported in front of the word receiver. That's not what we do, Your Honor, and it's not what the board did. It's a scalable address of at least one remote device, and it's the at least one that CIPCO reads out. And that's important because in Column 10, which is one of the two instances in which the specification uses the phrase and describes scalable address, it talks about an address between one and six bytes for the intended receiver, apostrophe S. Now, the one-byte address CIPCO acknowledges is a broadcast address. Its scalability, as used in the specification, is between a broadcast address, which is one byte, or a unique address, which is six bytes. And the broadcast address is to the intended receiver, apostrophe S, or, you know, parens S, because it's at least one receiver. The receiver could be one in the six-byte instance, or it could be all in the broadcast instance. That's what scalability is as described in the specification, and it's the same thing that is claimed when it says a scalable address of at least one remote device. So it has to comprehend the possibility that the address is not to a unique remote device but to multiple remote devices. That's the broadcast address or a multicast address, and that's within the specification's description of a scalable address. As the board found, both the Johnson and EIA references disclose scalability of precisely the same type of scalability that is claimed in this. I think you should stick with claim construction longer before you move over to Johnson, because I don't necessarily think that I follow you just yet, but I want to. I want to understand what you're saying. The word scalable appears before the transceiver limitation. Now, of course, it can be more than one transceiver, and each of those would then have to have a scalable address, it seems to me. But I don't understand why that necessitates that we put the word scalable into the to address that comes before it, which doesn't have it. I will grant you there are at least two places in the patent where this patent talks about a scalable to address or receiver address, but that isn't part of this claim, so why would we import that limitation in here? Well, this claim is talking about the fields in the preformatted message, the receiver address being one of those, and it is a scalable address of at least one device. You can't say it's a scalable address of at least one device because you've now already inserted the word that's not there in there. What did I insert? Scalable. The word there is comprising a scalable address of at least one remote device. Oh, I'm sorry. I thought you were talking about the receiver address. Well, the receiver address comprises, so it has to be able to comprehend a scalable address that is the address of more than one remote device. That's the broadcast address. No, not more than one, at least one. It has to comprehend. It has to be within it that it could be multiple remote devices. That's why it says at least one. Otherwise, it would just say of a remote device or one remote device, which is not what it says. It says at least one, so it has to comprehend the possibility of the scalability being for multiple remote devices. I'm not sure, at least just textually, that that follows. It makes perfect sense to say a scalable address of at least one remote device to mean at least one scalable address of a remote device, maybe a scalable address of this device and a different scalable address of this other device. That seems like the natural reading of this language, so why is that not? The problem is that we're using the broadest reasonable interpretation. It comprehends the circumstance in which the scalability is of individual unique addresses, but it also comprehends the possibility where the scalability is between the address being a one-byte address, which goes to all remote devices, or a multicast address, which might be two bytes that goes to a subset of remote devices, or a six-byte address, which would go to a unique individual remote device. That is precisely what is set forth on columns nine to ten. In this system, you can have an address, a single address, which when used produces something on the receiving end at multiple remote devices. Yes, Your Honor. That's the FF address. In example figure nine, for example, on appendix A78, it uses the address FF. That's described in figure eight on appendix 77 as a broadcast all devices one-byte address, and that is what is described at columns nine to ten. In column nine in particular, it says the address can be scalable from one to six bytes based upon size and complexity. We have an example of a two-address can indicate a general message, all transceivers, and below it says in a six-byte address, the first byte indicates transceiver type, all transceivers. So a one-byte broadcast address, FF, which is one of the examples given, is an address of one byte, and it goes to all remote devices. That's what's described in the specification. Again, it's the only instance in the specification that really describes what a scalable address is. Both references to scalable address in column nine and again at the top of column ten say that it's scalable between one and six bytes. The one byte, FF, is a broadcast address. It goes to all. Now we also know, and this is from column 11, which is describing figure nine, and this is at lines 34 to 36, that in this example, the message is sent from a central server with an address that's a unique address, six bytes or five bytes rather, to a integrated transceiver with an address of FF. Now again, the address of FF is a broadcast address. It goes to all. In fact, the zip code acknowledges that in its reply brief. So the address, FF, is being described in the spec as to an integrated transceiver, although it's also to all other integrated transceivers. Because this is BRI, it can't be just the one narrow construction that they prefer today because that gets them out of the prior art. It has to be what is comprehended within the language. And the language comprehends scalability between one and six bytes, between a broadcast address or an individual address, which would reach one or more, at least one intended recipient. You keep saying between one and six bytes. It could be far more than six, couldn't it? Because the claim is open-ended, at least one remote device. That's right, Your Honor. Please don't interrupt me. The specification in the example you keep pointing to is obviously contemplating only three unique transceiver addresses, which is why it's allocating at most three unique transceiver addresses, which is why it's only allocating six bytes. Am I understanding that right? I'm not sure you are. The first byte is the transceiver type to receive all transceivers, right? That's a broadcast. The second byte is the identification base. Bytes three through six can be used for the unique receiver addresses, either standalone or integrated. So I guess I don't necessarily understand this technology well enough, but I'd like to. Are bytes three through six then each byte is directed to an individual unique transceiver address potentially? No, Your Honor. The preferred embodiment, which is described on column six, which my opposing counsel references, says that the unique transceiver address can be varied. It is preferably a six-byte address. So the six-byte address, all six bytes, define the unique identification for a single node, a single transceiver. So you need all six bytes to do that. They can be in sort of increasing specification. So the first one, the first byte, might indicate everybody in a subnet. The next one, all in the subnet of a particular type. The next one, all in a subnet of a particular manufacturer, et cetera. Perhaps I'm confused. Scalability is referring to the number of bytes, am I correct? In the address, yes, that are occupied by the address. Right, and the reason you clarified that is why? You felt you need to clarify something, so there's another use of the word scalability that isn't referring to bytes. What is it? I can tell you there are three in the pattern. Okay, I didn't. But I assumed that's what you were thinking, which is why you paused. Well, what it says, it says it's scalable between one and six bytes. I'm more thinking about the fact that the prior art, for example, Johnson, describes an address that can be 0, 1, 4, or 5 bytes. What is claim 8? Let's look at claim 8 for a sec. Claim 8 uses the word scalable in multiple places. One is a scalable data value comprising a scalable message. In that context, are we talking about one to six bytes, or is that word scalable not referring to a variation in bytes in terms of the field packet? I think it is referring to the message that can be up to a certain number of bytes. Again, that's disclosed in Johnson, where if the address is using up fewer bits, the message gets more bits. You can use more for that. So when it uses the word scalable there, is it referring to varying number of bytes for that message? I'm trying to understand. You've told me what you understand the word scalable to mean in the context of this invention. But I find the word scalable appearing all over the place in this patent, and I don't think it means the same thing everywhere it appears.  Let me be specific. I'm describing what scalable address means because that particular phrase, which is used in claim 1 and claim 10 and the others that are in dispute, is the term that is described in the specification as between one and six bytes. Obviously, there can be scalability in theory that is not in terms of bytes. It can be of a different range. In this patent, it's true, it seems, based on claim 8 at least. It may be. But in any event, going back to claim 1, I guess the problem I have is just because you have a scalable address for at least one remote device, I don't understand why that necessarily requires the receiver to have a scalable address. Well, Your Honor, the receiver comprises this, so it includes the scalable address. It could include other things, but we know that it includes a scalable address, and we know that it is a scalable address not just of a remote device, but of at least one. But I understand that, and definitely that's what the claim says. What if it was just one? Would you then say the receiver address is in fact scalable if it comprised a scalable address of only a single transceiver? You wouldn't. Oh, why? What are the other bytes being used for? I don't understand. You would still say it's a scalable 2 address if there's only a single unique device address? If the design of the system is that it can be a unique address that has 2 bytes or 6 bytes or 7 bytes, EIA says a unique address can have 2 bytes or 7 bytes, Johnson says a unique address could have 4 bytes or 5 bytes. That's scalable in precisely the same way. And this is where I disagree, and to go to your first question, Judge Toronto, the board actually said that EIA is scalable as to the unique address between formats 2A and 3. That's on A43. It also said, with respect to Johnson, that under patent owner's proposed construction, Johnson discloses scalability of the unique address. That's on pages A35 to 36. Now this is when it was construing Claim 10, but it's the same concept of scalable address. And there they acknowledge that in Johnson it describes the address for a unique device could be 32 bits or 40 bits, 4 or 5 bytes, and that's depending upon the size and complexity of the system. If the system is such that the type can be assumed, then you can use 32 bits, but if you need it, then it's 40 bits. Counsel, I'm afraid argument time is not scalable. Mr. Barney has some rebuttal time. Just a couple points, Your Honor. With respect to my colleague's point that the claim has to envision the ability to have a scalable address of more than one remote device, the patent discloses that because the transceivers can be either standalone or integrated transceivers. An integrated transceiver can have additional remote devices associated with it, such as sensors or actuators, or even another transceiver. There's an embodiment that talks about a data transceiver that is combined with a voice band transceiver, and that they are addressed with a single unique address. So that gets to the point of what my counsel was talking about. It does envision the ability to address multiple devices. With respect to... Counsel, can you focus on what he said about the, on figure 8, the first, what is the FM? Yes. Broadcast all devices at one byte address. I think what I was understanding, and I may be misunderstanding, is that he was saying that you can have a single byte. It will be an address. You send a message with that address, it will go to all the remote devices there are. That's right. So why is that not covered by the scalable address of at least one remote device, where what's not scalable there is the number of bytes you use for an all-device broadcast? Well, two reasons. One, it's a broadcast address. The specification makes a differentiation between broadcast addresses and addresses to individual remote devices, such as a transceiver. Where is that best? Well, if you look at figure 8, for instance, figure 8 refers to that as a broadcast all devices address. It's not the address of a transceiver. It goes to all transceivers. In fact, as we explained in the brief, when the transceiver sends a broadcast address, it doesn't even know who it's going to. It just broadcasts it out, and every receiver within its broadcast range is going to get that message. It may not even know who's in that range because transceivers can come and go because they're portable. And second reason is it's a one-byte address, so it's not scalable. It's always one byte. And so that's an example of figure 8 and an implementation of figure 8 that's possible under figure 8 but wouldn't meet this particular claim limitation because it's not a scalable address of at least one remote device. It's a non-scalable one-byte address that goes to all remote devices indiscriminately. If there's no other questions, I... Thank you, Mr. Bonney. The case is submitted.